UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PASCAL AND LINDA PALMISANO                               CIVIL ACTION
                                                         NO. 06-9639

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY                     SECTION M
AND MELVIN NELSON

## ORDER

Before the Court is Plaintiffs' Motion to Remand, which is opposed by Defendants and which came for hearing on August 22, 2007, on the briefs. After consideration of the motion, the opposition, and the applicable law, the Court grants the motion.

Plaintiffs Pascal and Linda Palmisano are the owners of a residence located at 4520 Lamarque Drive in Meraux, Louisiana. During Hurricane Katrina, the residence allegedly sustained substantial wind and flood damage. At the time of the hurricane, the Palmisano's were insured by State Farm Fire and Casualty Company (State Farm) with both a homeowners' policy and a standard flood policy procured by defendant Melvin Nelson, a state farm agent.

The Palmisanos allege that prior to August 29, 2005, Pascal Palmisano met with defendant Nelson or a representative of his agency and expressly requested additional flood insurance for coverage equal to the dwelling and contents coverage limits in the plaintiff's

homeowner's policy.  The Palmisanos allege that Nelson failed to procure such coverage.[1]

The Palmisanos filed suit in the Thirty Fourth Judicial District Court for the Parish of St. Bernard aginast State Farm, their agent Nelson.  State Farm removed the case to this Court.  The Palmisanos now seek a remand back to state court.

The Palmisanos allege that Nelson was negligent in procuring and advising them regarding their insurance and that he breached his fiduciary duty to provide them with adequate coverage after he was expressly and specifically asked to do so by Palmisano.  State Farm alleges that Nelson never had any conversations with the Palmisanos regarding their flood insurance coverage, and that their claims against Nelson have prescribed or are perempted as a matter of law.

If the plaintiff states a viable cause of action against a non-diverse defendant, then that carries with it a presumption of regularity.  Any alleged but unresolved facts are accepted in the fact-pleading record.  *See* 28 USCA §1441(b); *see* also <u>Smallwood v. Illinois Cent. R.R.</u>, 385 F.3d 568 (5th Cir. 2004).

Accordingly, the motion is GRANTED and the matter is REMANDED to the 34th Judicial District for the Parish of St. Bernard.

New Orleans, Louisiana, this 22nd day of August, 2007.

                                      Peter Beer
                            United States District Judge

---

[1] *See* Plaintiffs' Petition Paragraph V.